CHRISTINE W. JENNINGS, Petitioner-Appellee, v. EDWARD G. JENNINGS, Respondent-Appellant.

Fifth District No. 5—84—0611

Opinion filed May 30, 1985.

Walker & Williams, P.C., of Belleville (Thomas E. Jones and Robert R. Coates, of counsel), for appellant.

Richard G. Reed, P.C., of Belleville (Richard G. Reed and Rodney W. Thompson, of counsel), for appellee.

JUSTICE KASSERMAN delivered the opinion of the court:

Respondent, Edward G. Jennings, appeals from a judgment of the circuit court of St. Clair County which modified a prior foreign cus-

tody judgment by reducing respondent's summertime visitation by a total of five days. On appeal, respondent contends: (1) that the circuit court was without jurisdiction to make a custody modification; (2) that the circuit court abused its discretion in denying respondent's motion for change of venue brought under section 2—1001(a)(2) of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—1001(a)(2)); and (3) that the circuit court erred in granting the modification.

The parties hereto were divorced on June 15, 1983, by the district court of Johnson County, Kansas. Two children, Melissa, then age five, and Amanda, then age three, had been born of the marriage. The decree of divorce granted the parties "joint" custody of their children; however, the children were to reside with petitioner, while respondent was granted specific visitation rights. At the time the decree was entered, petitioner and the children had been residing in Illinois for over two months and have continued to reside in Illinois since that date.

On October 4, 1983, petitioner filed a motion in the district court of Johnson County, Kansas, seeking to have the visitation provisions of the June 15, 1983, decree of divorce modified, alleging that the current visitation interfered with Melissa's school calendar. On November 11, 1983, petitioner filed a motion to amend her previous motion in Johnson County, Kansas, so as to include the request that she be granted sole custody of the children. Subsequently, on November 17, 1983, petitioner filed a verified petition in the circuit court of St. Clair County, Illinois, for registration of the Kansas decree, together with a petition for modification of the custody provisions of that decree. The petition for registration made no mention of the Kansas modification proceedings and, in fact, alleged "[t]hat subsequent to the entry of the divorce decree, no legal proceedings have affected this decree."

On December 22, 1983, respondent filed his special appearance in the circuit court of St. Clair County, in which he disclosed to the court the existence of the Kansas proceedings and disputed the jurisdiction of the court. In an order entered March 2, 1984, the circuit court of St. Clair County denied respondent's motion to quash the proceedings and held that it had jurisdiction to hear petitioner's petition to modify.

In the circuit court, and now again on appeal, respondent has argued that pursuant to section 7(a) of the Uniform Child Custody Jurisdiction Act (Ill. Rev. Stat. 1983, ch. 40, par. 2107(a) (hereinafter referred to as the UCCJA)), the circuit court was required to decline jurisdiction because of the modification proceeding pending in the Kansas court.

The UCCJA has been adopted by both the States of Illinois and Kansas. Section 7(a) of the Act provides as follows:

"(a) A court of this State shall not exercise its jurisdiction under this Act if at the time of filing the petition a proceeding concerning the custody of the child was pending in a court of another state exercising jurisdiction substantially in conformity with this Act, unless the proceeding is stayed by the court of the other state because this State is a more appropriate forum or for other reasons."

It is undisputed that at the time petitioner instituted these proceedings in the circuit court of St. Clair County there was another proceeding concerning the custody of the children pending in the district court of Johnson County, Kansas, and that proceeding had not been stayed. It is our opinion, therefore, that if the Kansas court was exercising jurisdiction substantially in conformity with the UCCJA, the St. Clair County circuit court improperly purported to exercise jurisdiction under such act.

By virtue of section 601 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1983, ch. 40, par. 601), section 4 of the UCCJA (Ill. Rev. Stat. 1983, ch. 40, par. 2104) governs jurisdiction of the court to make a child custody determination. The law in force at the time these proceedings were commenced in Illinois provided:

"Sec. 4. Jurisdiction. (a) The circuit courts have jurisdiction to make a child custody determination by initial or modification judgment if:

1. this State

(i) is the home state of the child at the time of commencement of the proceeding, or

(ii) had been the child's home state within 6 months before commencement of the proceeding and the child is absent from this State because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this State; or

2. it is in the best interest of the child that a court of this State assume jurisdiction because

(i) the child and his parents, or the child and at least one contestant, have a significant connection with this State, and

(ii) there is available in this State substantial evidence concerning the child's present or future care, protection, training, and personal relationships; or ***

4. (i) it appears that no other state would have jurisdiction under prerequisites substantially in accordance with paragraphs

1., 2., or 3., or another state has declined to exercise jurisdiction on the ground that this State is the more appropriate forum to determine the custody of the child, and

(ii) it is in the best interest of the child that this court assume jurisdiction.

(b) A court, once having obtained jurisdiction over a child, shall retain such jurisdiction unless it concedes jurisdiction to a foreign state or none of the parties to the action, including the child, remain in Illinois.

(c) Except under paragraphs 3. and 4. of subsection (a), physical presence in this State of the child, or of the child and one of the contestants, is not alone sufficient to confer jurisdiction on a court of this State to make a child custody determination.

(d) Physical presence of the child, while desirable, is not a prerequisite for jurisdiction to determine his custody." Ill. Rev. Stat. 1983, ch. 40, par. 2104.

It is significant that it was the petitioner herself who chose the courts of Kansas as the venue for determination of her controversy concerning custody of her children and who, merely seven days before filing the instant action, requested the Kansas court to award her sole custody of such children. Moreover, since respondent resides in Kansas and the children spend their summers with respondent, those individuals undeniably have a significant connection with that State. As such, there is available in Kansas substantial evidence concerning the children's present and future care. The fact that the children were not physically present in Kansas does not affect that court's jurisdiction. Ill. Rev. Stat. 1983, ch. 40, par. 2104(d); *Hollo v. Hollo* (1985), 131 Ill. App. 3d 119, 474 N.E.2d 827.

We, therefore, conclude that the district court of Johnson County, Kansas, previously had acquired jurisdiction over the modification action instituted there by petitioner. Consequently, section 7(a) of the UCCJA requires the circuit court of St. Clair County, Illinois, to decline jurisdiction.

The procedure followed by the circuit court of St. Clair County, while it may resemble that set forth in section 7(c) of the UCCJA, is appropriate only where the court learns of the other pending action after assuming jurisdiction. In the instant case, the circuit court had been apprised of the Kansas proceedings before assuming jurisdiction.

For the foregoing reasons, the circuit court of St. Clair County erred in assuming jurisdiction over this cause; and the judgment entered herein is vacated. Because the other issues raised on appeal

involve matters occurring after the circuit court erroneously assumed jurisdiction, we need not address them.

Vacated.

HARRISON and KARNS, JJ., concur.