KEITH WILLIAM GAINEY, Petitioner-Appellee, v. DEANA LEE GAINEY, Respondent-Appellant.

Third District No. 3—92—0316

Opinion filed October 27, 1992.

Bernard Shapiro, of Prairie State Legal Services, of Rockford, and Prairie State Legal Services, Inc., of Rock Island (Reginald D. Jarrell, of counsel), for appellant.

Jack Schwartz, of Rock Island, for appellee.

JUSTICE SLATER delivered the opinion of the court:

Deana Lee Gainey and Keith William Gainey were divorced in Escambia County, Florida, on October 9, 1989. Deana was awarded custody of their three minor children, who are now aged 10, 13 and 15. On March 4, 1991, Deana contacted Keith and asked him to come to Florida to take the children back to Illinois so that Deana could seek mental health treatment. No modification was made to the Florida judgment, and it was Deana's understanding that Keith would return the children to her at the end of the 1990-91 school year.

When Keith did not return the children, Deana instituted contempt proceedings against him in Florida. Keith responded by filing a petition for assumption of custody jurisdiction and a motion for custody under the Uniform Child Custody Jurisdiction Act (the Act) (Ill. Rev. Stat. 1991, ch. 40, par. 2101 *et seq.*), together with a motion for an *ex parte* temporary restraining order. The Rock Island trial court granted the temporary restraining order and on April 23, 1991, entered an order assuming jurisdiction of the minor children under the Act.

Deana entered a special appearance in the Rock Island circuit court for the purpose of challenging subject matter jurisdiction in Illinois. On March 27, 1992, Deana's motion to vacate the order assuming custody jurisdiction was denied. Deana appeals, and we reverse.

■ Deana argues that the Illinois circuit court erred in its determination that section 4(a)(2) of the Act (Ill. Rev. Stat. 1991, ch. 40, par. 2104(a)(2)) conferred jurisdiction to make a child custody determination. She correctly points out that section 7(a) (Ill. Rev. Stat. 1991, ch. 40, par. 2107(a)) requires a court of this State not to exercise its jurisdiction under the Act if at the time of filing the petition a proceeding concerning custody was pending in another State exercising jurisdiction substantially in conformity with the Act, unless the proceeding in the other State is stayed by the court of the other State. Florida has adopted the Act (Fla. Stat. Ann. §61.1302 *et seq.* (West 1985)), and custody proceedings were in progress in Florida at the time the Illinois court assumed jurisdiction. Contempt proceedings against Keith based on his failure to return the children were pending at the very time the circuit court in Illinois assumed jurisdiction. The Florida court on August 29, 1991, ordered Keith in contempt for his failure to return the children and specifically retained jurisdiction over the custody proceeding. It is our opinion that since the Florida court was exercising jurisdiction in conformity with the Act, the Rock Island circuit court improperly found that it had jurisdiction. Section 7(a) of the Act required Illinois to decline jurisdiction under the facts of this case once the circuit court had been apprised of the Florida proceedings.

In *Jennings v. Jennings* (1985), 133 Ill. App. 3d 753, 479 N.E.2d 419, the parties were divorced in Kansas and granted joint custody of their two daughters. The father was awarded specific visitation with the children, who physically resided in Illinois with their mother. The mother filed a motion for modification of visitation in the Kansas district court and later amended that motion by requesting sole custody. Six days later she filed in St. Clair County, Illinois, a petition for registration of the Kansas decree and a petition for modification of its custody provisions. The father filed a special appearance in Illinois disclosing the existence of the Kansas proceedings and challenging jurisdiction. The appellate court concluded that the district court in Kansas had acquired jurisdiction over the modification action and that section 7(a) of the Act required the Illinois courts to decline jurisdiction because of the pending modification proceedings in Kansas.

■ Keith argues that the Illinois court has jurisdiction on an emergency basis under section 4(a)(3)(ii) (Ill. Rev. Stat. 1991, ch. 40,

par. 2104(a)(3)(ii)). He asserts that Deana's mental stability jeopardizes the safety of the children in that she is recovering from suicidal depression. Section 4(a)(3) does not grant the Illinois court authority to modify the previous Florida custody judgment. This emergency jurisdiction provision is meant solely to prevent irreparable and immediate harm to children, and absent other jurisdictional prerequisites, does not confer on the State exercising emergency jurisdiction the authority to make a permanent custody determination. *Hache v. Riley* (1982), 186 N.J. Super. 119, 451 A.2d 971; accord *State in Interest of D.S.K.* (Utah App. 1990), 792 P.2d 118.

■ Keith cites *In re Marriage of Goodwin* (1982), 104 Ill. App. 3d 790, 433 N.E.2d 310, for the position that the best interests of the children should be the overriding consideration for the determination of which State should have jurisdiction. However, in *Goodwin* the mother had removed the child and herself from Illinois to Florida without the court's permission. Noting that one of the purposes of the Act was to deter such unilateral action by a parent, the trial court was held to have properly exercised jurisdiction over the motion for modification. The clear intention of the legislation would have been subverted and the mother would have profitted from her own misbehavior if the Illinois court could not retain jurisdiction. In similar fashion, to deny the Florida court's jurisdiction in the pending custody dispute would contravene the legislative intent of both Florida and Illinois.

The circuit court of Escambia County, Florida, had continuing jurisdiction over the custody of the three minor children of the parties to this action. The circuit court's order denying Deana's motion to decline jurisdiction is reversed, the *ex parte* temporary injunction is dissolved and the order assuming jurisdiction pursuant to the Act is vacated.

Reversed and vacated.

McCUSKEY and STOUDER, JJ., concur.