IN THE MATTER OF MARY ELIZABETH BOTSFORD, DOB: AUGUST 14, 1967; MITCHELL AND JEWELL BOTSFORD, PARENT APPELLANTS; JOSEPHINE SMITH, GRANDMOTHER APPELLEE; JOANNE FOIL, GUARDIAN AD LITEM, APPELLEE

No. 8414DC810

(Filed 4 June 1985)

1. **Infants § 5— custody of juvenile—jurisdiction under Juvenile Code—informational affidavit not required**

   Where the trial court obtained jurisdiction over the custody of a juvenile pursuant to G.S. 7A-523 of the Juvenile Code rather than pursuant to G.S. Ch. 50A, the informational affidavit referred to in G.S. 50A-9 was not a prerequisite to its jurisdiction. G.S. 7A-647(2)(b).

2. **Appeal and Error § 57.1— review of findings—necessity for evidence in record**

   Where appellants did not file a verbatim transcript but set forth in the record in narrative form a summary of the evidence presented which was insufficient to permit the appellate court to determine whether competent evidence supports the trial court's findings, it is presumed that the findings are supported by competent evidence, and the findings are conclusive on appeal. App. Rules 9(a)(1)(v) and 9(c).

3. **Infants § 6.2— juvenile delinquent—dispositional custody order—modification based on needs of juvenile**

   The trial court was authorized by G.S. 7A-664(a) to modify a consent custody order in a juvenile delinquency proceeding upon a showing that the needs of the juvenile had changed such that it was in her best interest that the order be modified and without a showing of a change in circumstances.

4. **Infants § 6.2— juvenile custody order—failure to show necessity for change**

   A juvenile's parents failed to show that there was change in the needs of the juvenile requiring that her custody be returned from her grandmother to

her parents where the evidence tended to show that the grandmother had refused to consent to the juvenile's proposed marriage to the alleged father of her baby and that the parents wanted custody returned to them so that they could consent to the marriage and terminate their responsibility for the juvenile's support.

5. **Parent and Child § 7— child support payments under Juvenile Code—findings required**

   Child support payments ordered pursuant to G.S. 7A-650(c), like those ordered pursuant to G.S. 50-13.4, should be based on the interplay of the trial court's conclusions as to the amount of support necessary to meet the needs of the child and the ability of the parents to provide that amount, and the court's conclusions should be based on findings of fact sufficiently specific to show that the court gave due regard to the relevant factors in G.S. 50-13.4(c) and any other relevant facts of the particular case.

6. **Parent and Child § 7— order requiring father to pay support for juvenile—insufficient findings and conclusions**

   The trial court's order directing a juvenile's father to pay child support must be vacated and the cause remanded for new proceedings on the issue of child support where no evidence was presented and no findings or conclusions were made as to the amount of support necessary to meet the needs of the juvenile, the court made no conclusion as to what sum of money was a reasonable amount for the father to pay as support in accordance with G.S. 7A-650(c), and the court made no conclusion as to the ability or obligation of the mother to contribute to the juvenile's support.

APPEAL by parents Mitchell and Jewell Botsford from *LaBarre, Judge.* Order entered 29 March 1984 in District Court, DURHAM County. Heard in the Court of Appeals 3 April 1985.

This juvenile action was instituted in May 1983 when Mary Elizabeth Botsford (hereinafter "the juvenile") was charged in two petitions with felonious forgery and uttering. The juvenile admitted to the charges, was adjudicated delinquent, and was placed on probation until July 1984. Subsequently the juvenile's grandmother filed a petition in the action seeking her custody. On 1 December 1983 a consent order was entered transferring custody of the juvenile from her parents to her grandmother. In March 1984 the juvenile's father filed a motion for review of the custody order in which he stated that it was in the best interest of the juvenile that her custody revert to him and his wife.

A hearing was held on the motion for review on 29 March 1984. On the morning of the hearing the guardian ad litem appointed to represent the juvenile filed a motion in the action re-

questing that custody of the juvenile be placed with the Durham County Department of Social Services and that the juvenile's parents be ordered to furnish financial support for her. At the conclusion of the hearing the court ordered that custody of the juvenile remain with the grandmother, that the juvenile's probation be extended until July 1985, and that the juvenile's father pay $50 per week as support. From the order entered, the parents of the juvenile appeal.

*Margaret D. Rundell for parent appellants.*

*N. Joanne Foil, guardian ad litem appellee, for Mary Elizabeth Botsford, a minor.*

*No brief filed for appellee Josephine Smith.*

WHICHARD, Judge.

[1] The parents contend the court lacked jurisdiction over the matter of the juvenile's custody and that therefore the consent order transferring custody to the grandmother was void. They argue that since the juvenile's grandmother never submitted to the court the informational affidavit required in custody actions by G.S. 50A-9, the court never obtained jurisdiction over the matter. This argument is without merit. The court acquired jurisdiction over the juvenile pursuant to G.S. 7A-523 when the juvenile was alleged to be delinquent. In exercising its jurisdiction, the court awarded custody of the juvenile to her grandmother pursuant to the authority granted it in G.S. 7A-647(2)(b). Once a court obtains jurisdiction over a juvenile, its jurisdiction continues until terminated by court order or until the juvenile reaches the age of eighteen. G.S. 7A-524. Here, the court's jurisdiction had not been terminated in either of these ways at the time the custody orders were entered; thus, the court clearly had jurisdiction over the matter. Moreover, since the court obtained jurisdiction over the matter pursuant to G.S. 7A-523 of the Juvenile Code rather than pursuant to Chapter 50A of the General Statutes, the affidavit referred to in G.S. 50A-9 was not a prerequisite to its jurisdiction.

[2] The parents next argue that certain of the findings of fact in the 29 March 1984 order are not supported by the evidence. N.C.R. App. P. 9(a)(1)(v) requires that the record on appeal contain so much of the evidence, either in narrative form or in the ver-

batim transcript of the proceedings, as is necessary for an understanding of all errors assigned. *See also* N.C.R. App. P. 9(c). Where such evidence is not included in the record, it is presumed that the findings are supported by competent evidence, and the findings are conclusive on appeal. *See Steadman v. Pinetops*, 251 N.C. 509, 514-15, 112 S.E. 2d 102, 106 (1960); *Browning v. Humphrey*, 241 N.C. 285, 287, 84 S.E. 2d 917, 918 (1954).

The parents here did not file a verbatim transcript of the proceedings in the court below but instead set forth in the record in narrative a summary of the evidence presented. The summary provided, however, is insufficient to permit us to determine whether competent evidence supports the findings. Thus, we presume that it does.

[3]   The parents contend the court erred in applying a change of circumstances standard in determining whether they were entitled to a modification of the consent order. They argue that G.S. 7A-664 authorizes the modification of a dispositional order, such as the consent order here, upon a showing of either a change in circumstance *or* a change in the needs of the juvenile, and that they presented sufficient evidence of a change in the juvenile's needs to warrant such modification.

G.S. 7A-664(a) provides:

Upon motion in the cause or petition, and after notice, the judge may conduct a review hearing to determine whether the [dispositional] order of the court is in the best interest of the juvenile, and the judge may modify or vacate the order in light of changes in circumstances or the needs of the juvenile.

We agree that the court was authorized to modify the consent order upon a showing that the needs of the juvenile had changed such that it was in her best interest that the order be modified; we do not agree, however, that the parents here made such a showing.

[4]   The court's findings may be summarized as follows: In November 1983 the juvenile gave birth to a baby boy. Her parents informed her at that time that neither she nor her baby were welcome to live in their home. The juvenile's grandmother offered to allow the juvenile and her baby to live with her on a

permanent basis. The parents consented to the transfer of custody to the grandmother and custody of the juvenile was awarded to the grandmother by the consent order entered 1 December 1983. Thereafter the grandmother consistently provided care for the juvenile and her baby whereas the juvenile's parents provided no financial or other help.

The juvenile's father had previously pled guilty to assault on a female. He was initially charged with incest and admitted having sexual intercourse with the juvenile. He was placed on probation and ordered to participate in therapy; however, he failed to participate in therapy in a meaningful way. Russell William Ray, the alleged father of the juvenile's baby, at one point indicated that he would like to marry the juvenile, and the juvenile had stated that she would like to marry Ray at the earliest possible time. The juvenile's grandmother refused to consent to the juvenile's marriage until Ray could prove that he was a stable individual capable of supporting the juvenile and her baby, and that he had a steady job and an appropriate place to live. Ray refused to give the grandmother such proof.

The court further found: The grandmother's concerns over the juvenile's proposed marriage to Ray are reasonable in that Ray has provided no support whatsoever for the juvenile's baby, has visited the baby only very sporadically, and has shown no signs of stability, either by way of a steady job, an appropriate place to live, or an ability to provide a consistent source of emotional support for the juvenile. When the grandmother refused to consent to the proposed marriage, the juvenile left her grandmother's home and moved in with her parents. The juvenile's parents made it abundantly clear that they do not want the juvenile to live with them on a permanent basis. They desire that custody of the juvenile be returned to them so that they can consent to her marriage to Ray. The parents were candid with the court that their desire to approve the proposed marriage was solely for the purpose of terminating their responsibility for the juvenile's support. It is not in the juvenile's best interest that she even be allowed to visit in her parents' home without adult supervision in light of her father's previous conviction.

Based on these findings, the court concluded that no substantial change in circumstances affecting the welfare of the juvenile

warranting a modification of the consent order had been shown and that it was in the juvenile's best interest that her custody remain with her grandmother. We believe the findings of fact support these conclusions and do not show that there was any change in the needs of the juvenile requiring that her custody be returned to her parents. Thus, we affirm that part of the 29 March 1984 order leaving custody of the juvenile with her grandmother.

Next, the parents contend the court erred in ordering the juvenile's father to pay child support because the evidence, findings of fact, and conclusions of law were insufficient to support such an order. G.S. 7A-650(c) provides, in relevant part:

Whenever legal custody of a juvenile is vested in someone other than his parent, after due notice to the parent and after a hearing, the judge may order that the parent pay a reasonable sum that will cover in whole or in part the support of the juvenile after the order is entered.

With respect to the issue of child support, the court here found as follows: that the juvenile's father is gainfully employed earning a net yearly income of over $20,000; that the juvenile's mother is also gainfully employed earning over $11,000 per year; that said parents are more than able to provide financial support for their daughter; that since 1 December 1983 the juvenile's grandmother has provided all financial support for the juvenile and her baby; that the grandmother has received the total sum of only $170 per month for the months of January, February, and March of 1984 as AFDC monies for the benefit of the juvenile and her baby; and that the grandmother is in need of financial support from the juvenile's parents for the benefit of the juvenile.

The court concluded that the juvenile's father is gainfully employed, able-bodied, and legally obligated to provide financial support for the benefit of his daughter, and ordered him to pay $50 per week as child support for the juvenile beginning on 6 April 1984.

Our research has disclosed no case from our appellate courts considering the findings of fact and conclusions of law necessary to support an order for child support under G.S. 7A-650(c) of the Juvenile Code. An order for child support entered pursuant to G.S. 50-13.4 must be based on the interplay of the trial court's

conclusions of law as to the amount of support necessary to meet the reasonable needs of the child and the relative ability of the parties to provide that amount. *Plott v. Plott*, 313 N.C. 63, 68, 326 S.E. 2d 863, 867 (1985); *Coble v. Coble*, 300 N.C. 708, 712, 268 S.E. 2d 185, 189 (1980). These conclusions must themselves be based on findings of fact sufficiently specific to indicate to the appellate court that the trial court gave due regard to the estates, earnings, conditions, and accustomed standard of living of both the child and the parents, and the other facts of the particular case. *Id.* Where such findings are not made, this Court has no means of determining whether the order is adequately supported by competent evidence, and the order must be vacated. *Id.*

[5] We believe an order for child support entered pursuant to G.S. 7A-650(c) should also be supported by sufficiently specific findings of fact giving rise to conclusions of law as to need and ability to pay. Support payments ordered pursuant to G.S. 7A-650 (c), like those ordered pursuant to G.S. 50-13.4, should be based on the interplay of the trial court's conclusions as to the amount of support necessary to meet the needs of the child and the ability of the parents to provide that amount. The court's conclusions should in turn be based on findings of fact sufficiently specific to show that the court gave due regard to the relevant factors in G.S. 50-13.4(c) and any other relevant facts of the particular case. Where such findings are not made, the order should be vacated because appellate courts have no means of determining whether the order is supported by the evidence and based on the proper considerations.

[6] The court here made no findings of fact or conclusions of law as to the amount of support necessary to meet the needs of the juvenile, nor does it appear from the record that evidence was presented on this question. The court made no conclusion as to what sum of money was a reasonable amount for the father to pay as support in accordance with G.S. 7A-650(c). Although the court found that the juvenile's mother had income, and that the juvenile's parents were more than able to provide support for the juvenile, the court made no conclusion as to the ability or obligation of the mother to contribute to the juvenile's support, as it should have, *see Plott v. Plott*, 313 N.C. at 68, 326 S.E. 2d at 867, nor did it order the mother to contribute to or share in the juve-

nile's support. The parental obligation for child support is one shared by both parents. *Id.; see* G.S. 50-13.4(b) (1984).

Because these findings and conclusions were not made, that part of the 29 March 1984 order directing the juvenile's father to pay child support must be vacated and this cause remanded for a new hearing on the issue of the amount of support, if any, the parents should pay for the benefit of the juvenile.

Because we have determined that the 29 March 1984 order must be vacated insofar as it relates to child support, we need not address the parents' argument relating to the sufficiency of the notice given them that the issue of child support was to be addressed at the 29 March 1984 hearing.

The order is affirmed except for the portion directing the juvenile's father to pay child support. The portion directing the father to pay child support is vacated, and the cause is remanded for further proceedings on that issue in accord with this opinion.

Affirmed in part, vacated in part, and remanded.

Judges JOHNSON and EAGLES concur.