# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re*: **S.R.**

**No. 16-1139** (Wood County 15-JA-196)

**FILED**

**June 19, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father C.R., by counsel Andrew Shumate, appeals the Circuit Court of Wood County's October 17, 2016, order terminating his parental rights to S.R.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Jessica E. Myers, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in finding that it had jurisdiction to hear this abuse and neglect matter.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In March of 2015, petitioner and C.R.'s mother were divorced by the Common Pleas Court of Licking County, Ohio. Pursuant to their divorce decree, the mother was S.R.'s primary residential parent and petitioner was awarded visitation. In June of 2015, the mother filed a notice with the court of common pleas of her intent to relocate from her residence in Ohio to Parkersburg, West Virginia. Subsequently, the mother and S.R. relocated to Parkersburg, West Virginia, on or around June 14, 2015.

In December of 2015, the DHHR filed an abuse and neglect petition alleging that petitioner sexually abused his child, S.R., then four years old. According to S.R.'s disclosures, petitioner took a "magic stick," put it in her "tummy" and her "bum bum." S.R. stated that petitioner "stuck [the magic stick] in all the way," and that the "magic stick" was painful and made her cry when he pulled it out. She also disclosed that petitioner hit her in the chest, and touched her in the shower and under her underwear. S.R. further disclosed that she was afraid of

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

petitioner and did not want to go back to his home. Subsequently, the matter was scheduled for an adjudicatory hearing.

Also in December of 2015, petitioner filed a motion to continue the adjudicatory hearing. The circuit court granted petitioner's motion and rescheduled the hearing. In February of 2016, petitioner filed a second motion to continue the adjudicatory hearing and that motion was also granted. In April of 2016, petitioner filed a third motion to continue the adjudicatory hearing and a motion to dismiss the abuse and neglect petition, alleging that the Circuit Court of Wood County lacked jurisdiction over the matter because S.R. had not been a resident of West Virginia for at least six months prior to the petition's filing on December 18, 2015.

In May of 2016, the circuit court held a hearing addressing petitioner's motion to dismiss. The mother testified that she moved to West Virginia on approximately June 14, 2015 and that she and S.R. had resided in Wood County, West Virginia, continuously since that time. At the conclusion of the hearing, the circuit court declined to rule on petitioner's motion and indicated that it would contact the Common Pleas Court of Licking County, Ohio, to discuss the jurisdictional issue. In July of 2016, the circuit court issued a ruling on petitioner's motion to dismiss for lack of jurisdiction and found that it was "statutorily and ethically bound to continue to exercise jurisdiction over this case." The circuit court also noted that the Common Pleas Court of Licking County, Ohio, refused to accept jurisdiction over the proceeding and responded to the circuit court's inquiry regarding jurisdiction as follows: "under no circumstances could [it] accept the case [the circuit court is] now hearing."

In August of 2016, the circuit court held an adjudicatory hearing wherein it adjudicated petitioner and found that he sexually abused S.R. The circuit court also found that S.R. was a credible witness and testified that petitioner sexually abused her. In October of 2016, the circuit court held a dispositional hearing. At the conclusion of the hearing, the circuit court found that petitioner's sexual abuse of S.R. constituted aggravated circumstances and the potential for further abuse or neglect was so great that the "use of resources to mitigate or resolve family problems or assist [p]etitioner in fulfilling his responsibilities to the child" was precluded. The circuit court also found that there was no reasonable likelihood petitioner could substantially correct the conditions of abuse and neglect and terminated his parental rights to the child by order dated October 17, 2016.[2] It is from that order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when,

---

[2]Petitioner's parental rights to the child were terminated below. S.R. was placed with her non-offending mother, D.R., and the permanency plan is for S.R. to remain in the mother's home.

2

although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Petitioner's sole argument on appeal is that the circuit court erred in terminating his parental rights by finding that it had jurisdiction to hear the instant abuse and neglect matter.[3] In support of his argument, petitioner asserts that the child did not reside in the State of West Virginia for the six months preceding the filing of the abuse and neglect petition. We disagree. We have explained that "[w]hen more than one state becomes involved in determining the custody of a child, the Uniform Child Custody Jurisdiction and Enforcement Act, codified at W.Va.Code §§ 48-20-101 to -404 (2001) (hereinafter "UCCJA"), applies along with the Parental Kidnapping Prevention Act, 28 U.S.C. § 1738A (1994) (hereinafter "PKPA")." In *West Virginia Department of Health and Human Resources ex rel. Hisman v. Angela D.,* 203 W.Va. 335, 342, 507 S.E.2d 698, 705 (1998), this Court recognized that the definition of "custody proceeding" within the UCCJA expressly includes abuse and neglect proceedings and further determined that "the PKPA is applicable to all interstate custody proceedings affecting a prior custody award by a different State, including [abuse,] neglect and dependency proceedings." *Id.*, (quoting *In re Van Kooten,* 126 N.C.App. 764, 769, 487 S.E.2d 160, 163 (1997)). We have further held that "[a] circuit court has jurisdiction to entertain an abuse and neglect petition and to conduct proceedings in accordance therewith as provided by [West Virginia Code § 49-4-601] *et seq.*" Syl. Pt. 2, *In re J.L.*, 234 W.Va. 116763 S.E.2d 654 (2014).

For the purposes of determining whether a court in West Virginia has jurisdiction to make an initial custody determination, West Virginia Code § 48-20-201(a)(1) and (2) provide as follows:

(1) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding, and the child is absent from this state but a parent or person acting as a parent continues to live in this state; (2) A court of another state does not have jurisdiction under subdivision (1) of this subsection, or a court of the home state of the child has declined to exercise jurisdiction on the ground that this state is the more appropriate forum under section 20-207 or 20-208, and: (A) The child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this state other than mere physical presence; and (B) Substantial evidence is available in

---

[3]On appeal, petitioner does not raise specific error to the circuit court's termination of his parental rights.

this state concerning the child's care, protection, training and personal relationships.

West Virginia Code § 48-20-203 provides that

[e]xcept as otherwise provided . . . a court of this state may not modify a child custody determination made by a court of another state unless a court of this state has jurisdiction to make an initial determination under subdivision (1) or (2), subsection (a), section 20-201 and: (1) The court of the other state determines it no longer has exclusive, continuing jurisdiction under section 20-202 or that a court of this state would be a more convenient forum under section 20-207; or (2) A court of this state or a court of the other state determines that the child, the child's parents and any person acting as a parent do not presently reside in the other state.

Further, West Virginia Code § 48-4-601 provides that

[i]f the department or a reputable person believes that a child is neglected or abused, the department or the person may present a petition setting forth the facts to the circuit court in the county in which the child resides, or if the petition is being brought by the department, in the county in which the custodial respondent or other named party abuser resides, or in which the abuse or neglect occurred, or to the judge of the court in vacation. Under no circumstance may a party file a petition in more than one county based on the same set of facts.

In the instant case, the record on appeal establishes that the mother and S.R. moved to West Virginia on or about June 14, 2015. Thereafter, the abuse and neglect proceeding was filed in Wood County, West Virginia, on or about December 18, 2015, more than six months after the child moved to West Virginia, thus making West Virginia S.R.'s home state for the purposes of establishing jurisdiction. Moreover, the circuit court contacted the Ohio Court of Common Pleas and that court declined to exercise jurisdiction in this matter. Therefore, as established by the record, the circuit court satisfied all of the statutory requirements of West Virginia Code §§ 48-20-201, 48-20-203, and 49-4-601, and was in full compliance with the UCCJA. As such, we find no error in the circuit court's exercise of jurisdiction or the termination of petitioner's parental rights below.

For the foregoing reasons, the circuit court's October 17, 2016, order is hereby affirmed.

Affirmed.

**ISSUED**: June 19, 2017

4

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker