IN RE: LYNN ASHBY McALLISTER

No. 7226DC335

(Filed 24 May 1972)

**Courts § 15; Infants § 10— juvenile delinquency proceeding — jurisdiction — petition or summons**
  The trial court did not have jurisdiction to enter orders in a juvenile delinquency proceeding where no summons, petition or other notice was ever served on the juvenile, her parents, guardian or custodian prior to any of the hearings as required by G.S. 7A-283, notwithstanding the juvenile and her mother were present at several of the hearings, the juvenile and her mother signed a waiver of counsel on one occasion, and the juvenile was represented by privately employed counsel at one hearing.

APPEAL by respondent from *Johnson, District Judge,* 4 January 1972 Session of District Court held in MECKLENBURG County.

This is an appeal by Lynn Ashby McAllister, juvenile respondent, from an order entered 4 January 1972 committing her "to the Board of Youth Development for an indefinite period of time, however, not to exceed her 18th birthday." The order appealed from followed a hearing wherein Judge Johnson adjudicated the respondent to be a ". . . DELINQUENT in that said juvenile did knowingly, wilfully, and intentionally violate the orders of this Court dated July 8, 1971, and October 26, 1971. . . ."

The record reveals that on 8 July 1971 the district court adjudicated the juvenile respondent to be an "undisciplined child" and placed her on probation for a period of six months under the supervision of the probation officer of the court.

On 26 October 1971, based on a finding that the juvenile was a delinquent ". . . in that she had violated the terms and conditions of her probation as ordered by this Court on September 16, 1971," the district court ordered that the juvenile be committed to the North Carolina Board of Juvenile Correction for an indefinite period of time, not to exceed her 18th birthday. This sentence was suspended and the juvenile was "placed on probation for a period of two (2) years in addition to the probation as ordered by this Court on July 8, 1971. . . ."

*Attorney General Robert Morgan and Deputy Attorney General R. Bruce White, Jr., and Assistant Attorney General Guy A. Hamlin for the State.*

*John G. Newitt, Jr., attorney for defendant appellant.*

HEDRICK, Judge.

Respondent contends the district court did not have jurisdiction over the juvenile to enter the several orders involved in this proceeding.

With commendable candor the Attorney General states:

"It appears that the court was without jurisdiction over the subject juvenile and its orders, therefore, void."

"Juvenile proceedings in this State are not criminal prosecutions and a finding of delinquency in a juvenile proceeding is not synonymous with the conviction of a crime. Nevertheless, a juvenile cited under a petition to appear for an inquiry into his alleged delinquency is entitled to

the constitutional safeguards of due process and fairness. *In re Burrus,* 275 N.C. 517, 169 S.E. 2d 879; *In re Alexander,* 8 N.C. App. 517, 174 S.E. 2d 664. These safeguards include notice of the charge or charges upon which the petition is based. *In re Gault,* 387 U.S. 1, 18 L.Ed. 2d 527, 87 S.Ct. 1428." *In re Jones,* 11 N.C. App. 437, 181 S.E. 2d 162 (1971).

Although the record indicates that the juvenile was present with her mother at the hearings to review the pending proceedings in September and October, 1971, and in January, 1972, and that the juvenile and her mother signed a "Waiver Of Right To Have Assigned Counsel" on 4 October, 1971, and that the juvenile was represented by her privately employed counsel at the hearing on 4 January, 1972, there is nothing in the record to show that Summons or Petition or any notice whatsoever was ever served on the juvenile, her parents, guardian, or custodian, prior to any of the hearings as required by G.S. 7A-283. Indeed, the record does not indicate that the juvenile, her parents, guardian or custodian, were even present at the initial hearing on 8 July 1971, wherein the juvenile was adjudicated to be "an undisciplined child."

For the reasons stated, the Court was without jurisdiction to enter the order appealed from which is

Reversed.

Judges BRITT and PARKER concur.