IN THE MATTER OF: ZANN XAVIER YOW, D.O.B. 9/14/72, 2765 HOPE CHURCH
ROAD, WINSTON-SALEM, N. C. 27107

No. 7821DC1155

(Filed 17 April 1979)

1. **Infants § 6; Constitutional Law § 23— dependent child proceeding—custody**
   **given to persons other than parents—notice—due process rights protected**

   Appellant was not denied her due process rights when her child was
   declared to be a dependent child and was placed in the custody of suitable per-
   sons, though appellant was not given notice of the first hearing, since, at the
   time of the hearing, appellant's address was unknown; all the evidence showed
   that at the time the order was entered, the child in question was a helpless in-
   fant with no one to care for him; and pursuant to G.S. 7A-286, appellant could
   apply for a review of the matter at any time and there would be a review at
   six month periods for the first year and annually thereafter.

2. **Infants § 6.3— dependent child—custody given to persons other than parents—**
   **best interests of child controlling**

   In a proceeding to declare appellant's son a dependent child, appellant's
   contention that the trial court's finding of fact that she was a fit and proper
   person to have custody of the child compelled the conclusion that custody be
   awarded her was without merit, since the test under G.S. 7A-286 as to where
   custody is placed is what best meets the needs of the child, and the trial court
   found that the best interests of the child required that custody remain in per-
   sons other than his parents.

APPEAL by movant Elsa I.J.P. Yow from an order of
*Freeman, Judge.* Order entered 28 November 1978 in District
Court, FORSYTH County. Heard in the Court of Appeals 2 April
1979.

This proceeding was commenced with the filing of a petition
by George H. King of the Department of Social Services of For-
syth County. It was alleged in the petition that Zann Xavier Yow
was a dependent child as defined by G.S. 7A-278(3). Service of pro-
cess was had on the father of Zann Xavier Yow, but no service
was had on the child's mother, Elsa I.J.P. Yow. On 1 March 1978,
Judge Gary B. Tash signed an order in which it was found that
the whereabouts of the child's mother was unknown and that he
was a dependent child. Custody of the child was placed in Arvil
Stanley Crater and Lucinda Crater. On 3 October 1978, Elsa I.J.P.

Yow filed a motion to review the order of 1 March 1978. In this motion she alleged that Zann Xavier Yow was born 14 September 1972 and she had custody of the child until he was forcibly taken from her by her former husband, Robert Yow, III in June 1977. She alleged she was a fit and proper person to have custody of the child and asked that custody be given to her. A hearing was held on 18 October 1978 by Judge William H. Freeman. He signed an order in which it was recited that no attempt to serve process on Elsa I.J.P. Yow was made prior to the 1 March 1978 hearing. He concluded from this that her due process rights under the United States Constitution had been violated, but that any previous defect in the service of process was cured by her making an appearance on the motion for review. The court ordered the matter set for a hearing at a later date. In an order dated 28 November 1978, Judge Freeman found that Elsa I.J.P. Yow was a fit and proper person to have custody and visitation with Zann Xavier Yow. He also found that the best interests of Zann Xavier Yow required that he remain in the custody of Arvil Crater and wife Lucinda Crater with visitation rights in Elsa I.J.P. Yow. Elsa I.J.P. Yow has appealed.

*Legal Aid Society of Northwest North Carolina, Inc., by Paul B. Eaglin, for movant appellant.*

*Wright and Parrish, by Carl F. Parrish, for Arvil Crater and Lucinda Crater, respondent appellees.*

WEBB, Judge.

This proceeding was brought pursuant to Article 23 of Chapter 7A of the General Statutes of North Carolina. This appeal is by a parent who has contested an award of custody under this Article of the General Statutes. The parties in their briefs have cited no cases and we have found none dealing with such a contest. We believe it is a case of first impression. We quote at length some pertinent parts of Article 23.

G.S. 7A-278 says:

\*   \*   \*

(3) "Dependent child" is a child who is in need of placement, special care or treatment because such child has no parent, guardian or custodian to be responsi-

ble for his supervision or care, or whose parent, guardian or custodian is unable to provide for his supervision or care.

G.S. 7A-283 says:

The summons and a copy of the petition shall be served upon the parents or either of them or the guardian or custodian, and the child, not less than five days prior to the date scheduled for the hearing . . . .

G.S. 7A-286 says:

The judge shall select the disposition which provides for the protection . . . of the child after considering the factual evidence, the needs of the child, and the available resources, as may be appropriate in each case. . . .

In any case where the court adjudicates the child to be . . . dependent . . . , the jurisdiction of the court to modify any order of disposition made in the case shall continue during the minority of the child or until terminated by order of the court . . . .

\*      \*      \*

. . . Upon motion in the cause or petition, and after notice as provided in this Article, the court may conduct a review hearing to determine whether the order of the court is in the best interest of the child, and the court may modify or vacate the order in light of changes in circumstances or the needs of the child.

The following alternatives for disposition shall be available to any judge exercising juvenile jurisdiction . . .

\*      \*      \*

(2) In the case of any child . . . who needs placement, the court may:

\*      \*      \*

(b) Place the child in the custody of a parent, relative, private agency offering placement services, or some other suitable person;

* * *

In any case where custody is removed from a parent, the court shall after 10 days' notice to the parent order and conduct periodic reviews, not less frequently than semiannually during the first year after such removal and annually thereafter, to determine if the needs of the child are being met and if the placement is in the child's best interests.

From reading the statute, it can be seen that the General Assembly has provided for a method of having a person found to be a dependent child. A dependent child is one who needs placement because he does not have a parent, guardian, or custodian to be responsible for his supervision or care, or his parent, guardian or custodian is unable to provide for his supervision or care. In order to have a child declared dependent, it is not necessary to serve the petition on both parents, but only on one of them or the guardian or custodian. Upon a finding that the child is dependent, the court may place the child in the custody of a suitable person. The statute provides for review of the status of the placement semiannually for the first year after the initial placement and annually thereafter. It also provides that after a child has been adjudicated to be dependent, the jurisdiction of the court shall continue during the minority of the child or until terminated by order of the court.

[1] The appellant contends we should reverse the district court and award her custody of Zann Xavier Yow. She says this should be done because she was deprived of due process by not being served with any notice before the first hearing and the district court so held. She argues further that since the initial finding that the child was dependent is not binding on her and the court found in its order of 28 November 1978 that she is a fit and proper person to have custody of Zann Xavier Yow, there was no basis for finding as to her that the child is dependent. She concludes that her fundamental right as the natural mother of Zann Xavier Yow requires that she be given custody. We are faced at the outset of this case with the question of whether G.S. 7A-283 is unconstitutional as applied to the appellant. The facts of the case are that in early 1978, Zann Xavier Yow was five years of age; a hearing was held in district court as to his dependency; his father was served with notice; his mother was not served with notice,

but it was found as a fact that her address was unknown and no evidence to dispute this finding is in the record. We hold that on these facts the United States Constitution does not proscribe a finding which is binding on all parties that the child is dependent so that his custody may be placed with a suitable person. The Fourteenth Amendment to the United States Constitution provides: "nor shall any state deprive any person of life, liberty, or property, without due process of law." To deprive a person of custody of a child is not to deprive her of "life, liberty, or property." Nevertheless, it has been held that the giving of notice in cases involving child custody is subject to due process requirements. It has been said it is one of the "basic civil rights of man" and a right "far more precious than a property right." *See Newton v. Burgin*, 363 F. Supp. 782, 785 (W.D.N.C. 1973), *aff'd*, 414 U.S. 1139, 94 S.Ct. 889, 39 L.Ed. 2d 96 (1974). In this case we are faced with a balancing of interests. The State has an interest in the welfare of children, in this case Zann Xavier Yow. Children have a right to be protected by the State while they are helpless infants. The appellant has some right to custody of the child. She cannot be arbitrarily deprived of this custody. All the evidence shows that at the time the order of 1 March 1978 was entered, Zann Xavier Yow was a helpless infant with no one to care for him. The statute provides that the appellant may apply for a review of the matter at any time and there will be a review at six months periods for the first year after the entry of the order of 1 March 1978 and annually thereafter. Balancing the interest of the State that a helpless infant should not suffer with that of the appellant that she not be arbitrarily deprived of her right to custody of her child, and considering the right of protection that belongs to the child, we hold that the appellant's due process rights were adequately protected. *See Newton v. Burgin, supra.* The order of 1 March 1978 is binding on the appellant.

[2] The appellant argues that the finding of fact in the order of 28 November 1978 that she is a fit and proper person to have custody of the child compels the conclusion that custody be awarded to her. She has cited cases to support this proposition. *See Thomas v. Pickard*, 18 N.C. App. 1, 195 S.E. 2d 339 (1973); *James v. Pretlow*, 242 N.C. 102, 86 S.E. 2d 759 (1955), and *In re Hughes*, 254 N.C. 434, 119 S.E. 2d 189 (1961). Whatever the rule of child custody may be as held in those cases, they do not apply in

this case. None of them dealt with the statute which is controlling here. G.S. 7A-286 says the jurisdiction of the court shall continue after the child has been found to be dependent and the order shall be modified in light of a change in circumstances or the needs of the child. This section provides that upon review the court will determine if the child's needs are being met and if the placement is in the child's best interest. Although the court found the appellant was a fit and proper person to have custody of the child, the test under the statute as to where custody is placed is what best meets the needs of the child and what is in the child's best interests. The court found the best interest of the child required that the custody remain in the Craters. We cannot disturb this ruling.

Affirmed.

Judges VAUGHN and MITCHELL concur.