IN THE MATTER OF: TOMMY ARENDS, JANIE ARENDS, PRESTON ARENDS

No. 8722DC201

(Filed 2 February 1988)

1. **Parent and Child §§ 2.3, 6.3— child neglect—mother in North Carolina—father in Arizona—jurisdiction of North Carolina court**

In an action in which children who were neglected in North Carolina had a father in Arizona who subsequently sought custody through a domestic action in Arizona, the juvenile court of Davidson County retained continuing jurisdiction over the minor children where the juvenile court acquired jurisdiction when service of process was completed on the mother in North Carolina and

In the Matter of Arends

no custody action or order in Arizona existed when the juvenile court entered an order allowing DSS to retain temporary and legal custody of the children. N.C.G.S. § 7A-523, N.C.G.S. § 7A-524.

2. **Courts § 16; Parent and Child § 6.3 — neglected children—jurisdiction—lack of notice to father**

The juvenile court of Davidson County did not err by denying an Arizona father's motion to terminate jurisdiction based on lack of process or notice where the juvenile court acquired jurisdiction when a summons was served on a parent as required by N.C.G.S. § 7A-565.

3. **Constitutional Law § 24.6 — child neglect—due process rights of nonresident father — adequately protected**

The due process rights of an Arizona father whose children were placed in DSS custody in North Carolina were adequately protected where the exigencies of the situation required DSS to take appropriate action to find temporary shelter for the children and the juvenile court subsequently retained legal custody of the children with DSS and physical custody with the mother. N.C.G.S. § 7A-657.

4. **Parent and Child § 6.3 — neglected children—nonresident father — jurisdiction**

The Arizona courts did not acquire jurisdiction over all the parties in conformity with the Uniform Child Custody Jurisdiction Act in a case involving neglected children in Davidson County, North Carolina because the order entered by the juvenile court was a trial placement of custody rather than an order for permanent custody, because this was a temporary placement of neglected children pursuant to the North Carolina Juvenile Code rather than a custody contest between natural parents, and because the North Carolina court acquired jurisdiction of the subject matter before any order was entered by the Arizona court.

5. **Parent and Child § 2.3 — neglected children—Arizona father—North Carolina order binding**

An order of a North Carolina juvenile court established and continued to establish that an Arizona father's children were dependent where the children had been in custody of their mother in North Carolina and where a subsequent Arizona court order awarding the father custody of the children found him to be a fit parent.

APPEAL by petitioner from *Cathey, Judge.* Order entered 18 October 1986 in District Court, DAVIDSON County. Heard in the Court of Appeals 24 September 1987.

This case arises out of an order denying Thomas J. Arends' motion to terminate the court's jurisdiction over his children. Thomas J. Arends (father) and Frankie R. Arends (mother) were married in Mesa, Arizona on 31 December 1982. They resided in Arizona until their separation in September 1984. In September

1984, Mrs. Arends left Arizona and brought the three children of the marriage, Tommy, Janie, and Preston, to North Carolina.

On 23 September 1984, the Davidson County Department of Social Services (hereinafter DSS) received a referral from the children's uncle, Buddy Wilkins, stating that Mrs. Arends was drinking heavily and neglecting the children. When the Protective Services worker arrived at the home it was discovered that Mrs. Arends had taken an overdose of phenobarbital and had been taken to the hospital. The children's grandfather, Gilbert Collins, was intoxicated at the time, and there were no other relatives who were able to care for the children. DSS took custody of the children and all three were placed in a Receiving Home. Subsequently, on that same date, a juvenile petition was filed in Davidson County, alleging the children to be neglected and dependent.

On 26 September 1984, a juvenile summons was served on the mother, Frankie Arends. On 27 September 1984, an order was entered allowing the temporary legal and physical custody of the children to remain with DSS. On 1 November 1984, juvenile adjudication and disposition orders were entered which found that the three Arends children were neglected and dependent and ordered that legal and physical custody of the children be placed with DSS.

On 6 November 1984, the father filed a petition of dissolution of marriage in Superior Court of Arizona in which he asked for custody of his minor children. On 3 December 1984, an Arizona summons and petition were personally served on Mrs. Arends in Davidson County. On 31 December 1984, Mrs. Arends filed a verified answer to the petition in Arizona.

On 3 January 1985, the Juvenile Court of Davidson County continued legal custody of the children with DSS and returned physical custody to the mother. On 11 July 1985 and 16 January 1986, the Juvenile Court retained legal custody of the children and continued physical custody of the children with the mother. Meanwhile, no notice of any hearings in Juvenile Court was served on Mr. Arends in Arizona.

On 17 January 1986, the Arizona court entered an order dissolving the marriage between the parents and awarding cus-

tody of the three children to the father. On 7 March 1986, the Arizona order was filed in the Clerk's office in Davidson County.

On 16 April 1986, the father filed a motion in District Court of Davidson County requesting the court to enforce the Arizona order. On 7 May 1986, the District Court of Davidson County entered an order finding that the Arizona order awarding custody of the children to the father was valid and effective as to the mother, but had no effect on DSS. On 16 May 1986, the father filed a motion in the Juvenile Division requesting the court to terminate jurisdiction. On 26 June 1986, a hearing was held on petitioner-father's motion. On 18 October 1986, an order was entered denying petitioner's motion to terminate jurisdiction and retaining legal custody of the children with DSS and physical custody with the mother. Petitioner appeals.

*Lambeth, McMillan and Weldon, by Wilson O. Weldon, Jr., for petitioner-appellant.*

*James F. Mock, for Department of Social Services, respondent-appellee.*

*Charles E. Frye, III, Guardian Ad Litem, for Tommy Arends, Janie Arends, and Preston Arends, minors.*

JOHNSON, Judge.

We note at the outset that petitioner has failed to address one of his Assignments of Error in his brief. We deem it abandoned and decline to review it. N.C.R. App. P. Rule 28. Petitioner's remaining four Assignments of Error all relate to one issue: whether the trial court erred in denying petitioner's motion to terminate jurisdiction. We find no error and affirm the trial court's ruling.

[1] First, petitioner contends that the court's original order of neglect and dependency and subsequent orders upon review were temporary and did not establish continuing jurisdiction for custody. We disagree. Petitioner submits to this Court the contention that Chapter 50A should control although the proceedings in juvenile court were brought under Chapter 7A. This argument is untenable.

G.S. sec. 7A-523 gives the district court "exclusive, original jurisdiction over any case involving a juvenile who is alleged to be delinquent, undisciplined, abused, neglected, or dependent." Furthermore, pertaining to retention of jurisdiction, G.S. sec. 7A-524 provides in pertinent part:

> When the court obtains jurisdiction over a juvenile, jurisdiction shall continue until terminated by order of the court or until he reaches his eighteenth birthday. . . . Nothing herein shall be construed to divest the court of jurisdiction in abuse, neglect or dependency proceedings.

"[O]nce jurisdiction of a court attaches it exists for all time until the cause is fully and completely determined." *Kinross-Wright v. Kinross-Wright*, 248 N.C. 1, 11, 102 S.E. 2d 469, 476 (1958).

In the case *sub judice*, the Juvenile Court of Davidson County acquired jurisdiction over the Arends children as of 26 September 1984 when service of summons was completed on a parent. Thus on 27 September 1984, when the Juvenile Court entered an order allowing DSS to retain temporary and legal custody of the Arends children, the jurisdiction of the court had attached. No custody action or order in Arizona existed at the time this order was entered. Thus, as authorized by G.S. sec. 7A-523 and 7A-524, the juvenile court retained continuing jurisdiction over the minor children.

[2] Petitioner next contends the trial court erred in denying his motion to terminate jurisdiction because he was never served with process or notice of the juvenile proceedings. We disagree.

According to G.S. sec. 7A-565, summons should be personally served upon the parent and if that parent cannot be located, the judge may authorize service of summons and petition by mail or by publication. Furthermore, it is the service of the summons, rather than the return of the officer that confers jurisdiction. *In re Leggett*, 67 N.C. App. 745, 314 S.E. 2d 144 (1984). Also, in order to have a child declared dependent, it is not necessary to serve the petition on both parents, but only on one of them. *In re Yow*, 40 N.C. App. 688, 253 S.E. 2d 647, *cert. denied*, 297 N.C. 610, 257 S.E. 2d 223 (1979). The juvenile court acquired jurisdiction over the subject matter when the summons was served upon a parent.

the mother, although it was not served upon the father. Thus, having acquired jurisdiction upon service of summons on a parent, as required by G.S. sec. 7A-565, the court had the authority to decide the issue of neglect and dependency of the three Arends children.

[3] As to the father, the failure to serve him with notice of the neglect and dependency proceedings raises the question of whether the father has been deprived of his right to due process and does not raise the question of whether the court acquired jurisdiction of the subject matter. "It has been held that the giving of notice in cases involving child custody is subject to due process requirements." *Yow*, 40 N.C. App. at 692, 253 S.E. 2d at 650. As in *Yow*, where a child was alleged as dependent, service of process was had on the father, no service was had on the child's mother, a hearing was held declaring the child dependent, and custody of the child placed with a third party, we are faced with balancing of interests. The State has an interest in the welfare of children. Children have a right to be protected by the State if they have been abused or neglected. The father has some right to custody of his children. The evidence revealed that at the time the children were placed in temporary custody with DSS, the mother had overdosed on phenobarbital and was in the hospital. The children's grandfather, who was taking care of them, was intoxicated, and the exigencies of the situation required DSS to take appropriate action to find temporary shelter for the children. G.S. sec. 7A-657 provides for review of custody orders made by the juvenile court. By this statute, the judge is required to conduct a review within six months of the date the order was entered and annually thereafter. In addition, this section contemplates that a child may be returned to the parent(s) from whose custody it was taken if the trial court finds sufficient facts to show the child will receive proper care and supervision from the parent(s). However, before custody is restored to that parent, the trial court also must find that such placement is deemed to be in the best interest of the child. *In re Shue*, 311 N.C. 586, 319 S.E. 2d 567 (1984). As in *Yow*, "balancing the interest of the State that a helpless infant should not suffer with that of the [petitioner] that [he] not be arbitrarily deprived of [his] right to custody of [his children], and considering the right of protection that belongs to the [children]" in conjunction with the potential for placement of the children to be returned to the parent(s) after review by the

court, we hold that petitioner's due process rights were adequately protected. *Yow*, 40 N.C. App. at 692, 253 S.E. 2d at 650. The order of 18 October 1986 retaining legal custody of the children with DSS and physical custody with the mother is binding on the petitioner.

[4] Petitioner next contends that the Arizona court properly acquired jurisdiction over all parties in conformity with the Uniform Child Custody Jurisdiction Act (hereinafter UCCJA). We disagree. The jurisdictional prerequisites of the UCCJA would only govern in permanent custody situations. The order entered by the juvenile court was a trial placement of custody of the children and was not an order for permanent custody. Petitioner's contention is misguided. Temporary placements of neglected children are made pursuant to the North Carolina Juvenile Code. Custody contests between natural parents are determined in a custody proceeding pursuant to G.S. sec. 50-13.1, *et seq.* Nevertheless, the North Carolina court acquired jurisdiction over the subject matter of this proceeding before any order was entered by the Arizona Court.

[5] Petitioner's final contention is that the children are no longer neglected or dependent children. This argument is without merit. Petitioner contends that since the Arizona order awarding him custody of the children found him to be a fit parent, then the children had a parent to negate the court's finding of dependency. We have heretofore concluded that the order of 18 October 1986 was binding on petitioner. Thus, the order entered by the court established, and continues to establish, that the children are dependent until and unless the court terminates its jurisdiction or the court makes another disposition. For all the aforementioned reasons, the order of the juvenile court is

Affirmed.

Judges BECTON and PARKER concur.