IN THE MATTER OF: RAVEN POOLE

No. COA01-871

(Filed 16 July 2002)

**Juveniles— dependency adjudication—summons to both parents required**

An order adjudicating a child dependent and awarding custody to her aunt and uncle was vacated where a summons was not issued to nor served on the father. Earlier cases holding that it was not necessary to serve a dependency petition on both parents were based on a statute which has now been changed. Moreover, the Uniform Child Custody Jurisdiction and Enforcement Act applies to all child custody determinations arising out of child custody proceedings and requires notice to both parents.

Judge TIMMONS-GOODSON dissenting.

Appeal by respondent father from order entered 30 April 1997 by Judge John S. Hair, Jr. in Cumberland County District Court. Heard in the Court of Appeals 23 April 2002.

*Staff Attorney John F. Campbell for petitioner-appellee, Cumberland County Department of Social Services.*

*Hatley & Stone, P.A., by Michael A. Stone, for respondent-appellant, Bernard Poole.*

*Deborah Koenig, Attorney Advocate, for guardian ad litem.*

GREENE, Judge.

Bernard Poole (Respondent) appeals an adjudication and disposition order entered 30 April 1997 adjudicating his daughter Raven Poole (Raven) dependent and awarding legal and physical custody of Raven to her maternal aunt and uncle, Jamesetta and Dwight Nixon (collectively, the Nixons).

In a petition dated 7 October 1996, the Cumberland County Department of Social Services (Petitioner) alleged Raven to be a dependent and neglected juvenile. The petition named the mother and Respondent as the "parent/guardian/custodian/caretaker(s)." The petition stated the mother's address but listed Respondent's address

as "unknown." A summons was not issued to Respondent; thus he was never served with a summons and a copy of the petition, personally or by publication. The trial court entered a temporary nonsecure order dated 20 December 1996 granting legal and physical custody of Raven to the Nixons. Thereafter, on 30 April 1997, the trial court entered an order adjudicating Raven to be a dependent juvenile and awarded legal and physical custody to the Nixons.

On 2 May 2000, Respondent filed a motion to dismiss the dependency adjudication/disposition due to "lack of . . . valid service of process." This motion was denied by the trial court in an order filed 30 November 2000.

---

The dispositive issue is whether the issuance and service of a summons on each parent is a prerequisite to the trial court's authority to enter an adjudicatory and dispositional order addressing the abuse, neglect, or dependency of a juvenile.

A trial court has the authority to enter an adjudicatory and dispositional order in a chapter 7B abuse, neglect, or dependency case only if it has subject matter jurisdiction under sections 7B-200(a) and 50A-201 and notice has been provided pursuant to sections 7B-407 and 50A-205(a). N.C.G.S. §§ 7B-200(a), 7B-407, 50A-201 (2001); N.C.G.S. § 50A-205(a) (2001) (notice must be given to both parents unless a parent's parental rights have been previously terminated); see N.C.G.S. § 50A-102(4) (2001) (the Uniform Child-Custody Jurisdiction and Enforcement Act (the UCCJEA) applies to proceedings for abuse, neglect, and dependency); In Re Van Kooten, 126 N.C. App. 764, 768, 487 S.E.2d 160, 162-63 (1997) (the "jurisdictional requirements of the [UCCJEA] must . . . be satisfied for the district court to have jurisdiction to adjudicate abuse, neglect, and dependency petitions"); Copeland v. Copeland, 68 N.C. App. 276, 278, 314 S.E.2d 297, 299 (1984); see also In re Mitchell, 126 N.C. App. 432, 433, 485 S.E.2d 623, 624 (1997). While it is not necessary for the trial court to satisfy all the elements of personal jurisdiction in order to have the authority to enter a chapter 7B adjudicatory or dispositional order in an abuse, neglect, or dependency case, see Harris v. Harris, 104 N.C. App. 574, 577-79, 410 S.E.2d 527, 529-30 (1991) (personal jurisdiction requires compliance with the applicable long-arm statute, notice, and minimum contacts); Shingledecker v. Shingledecker, 103 N.C. App. 783, 785, 407 S.E.2d 589, 591 (1991) ("personal jurisdiction over . . . nonresident is not required under the [UCCJEA]"), service of a

summons on both parents is required.[1] Indeed, sections 7B-406 and 7B-407 require the summons be issued to and served on both parents of a juvenile alleged to be abused, neglected, or dependent unless a parent's parental rights have been previously terminated. N.C.G.S. §§ 7B-406, -407 (2001) (issuance of a summons to and service on "the parent" required); *see* N.C.G.S. § 7B-101 (2001) ("[t]he singular includes the plural"); N.C.G.S. § 50A-205(a) (2001).

We acknowledge this Court has previously stated that " 'it is not necessary to serve [a dependency] petition on both parents, but only on one of them.' " *In the Matter of Arends*, 88 N.C. App. 550, 554, 364 S.E.2d 169, 171 (1988) (quoting *In re Yow*, 40 N.C. App. 688, 691, 253 S.E.2d 647, 649, *disc. review denied*, 297 N.C. 610, 257 S.E.2d 223 (1979)). This Court's holding in *Yow*, however, is based on a statute which provided that the summons must be served upon "the parents or either of them." N.C.G.S. § 7A-283 (1969) (amended 1979). As the legislature has changed the statute on which *Yow* relied, we are not bound by the holding of that case or *Arends*, which relied on *Yow*. In any event, as noted above, the UCCJEA now applies to abuse, neglect, and dependency actions under chapter 7B; and it requires notice to both parents.[2]

In this case, there is no dispute that Respondent is the father of Raven and that, although he was listed as the father in the petition, a summons was not issued to or served on him. Thus, the trial court did

---

1. Service of summons on the parents, however, is not necessary in order for the trial court to have authority to enter temporary nonsecure custody orders for the emergency protection of a juvenile. *See* N.C.G.S. §§ 7B-502, -506(h) (2001); *Hart v. Hart*, 74 N.C. App. 1, 6, 327 S.E.2d 631, 635 (1985) (if the jurisdictional requirements of the UCCJEA are met, the trial court may enter an *ex parte* order for temporary custody prior to service of process or actual notice).

2. The dissent disagrees with the UCCJEA's applicability to intrastate matters. We disagree. The UCCJEA applies to all child-custody determinations arising out of child-custody proceedings. *See* N.C.G.S. § 50A-102(3)-(4) (2001). The statutory definition of child-custody proceedings includes proceedings for neglect, abuse and dependency and makes no reference that these proceedings are limited to interstate matters. *See* N.C.G.S. § 50A-102(4). Accordingly, as stated by Professor Homer H. Clark, Jr., there is "no authority for [the dissent's position] in the Act." Homer H. Clark, Jr., *The Law of Domestic Relations in the United States* § 12.5 n.73 (2d ed. 1988); *see also Van Kooten*, 126 N.C. App. at 768, 487 S.E.2d at 162-63. We further note the practical necessity of compliance with the UCCJEA as the official comment to section 50A-205 states that "[a]n order is entitled to interstate enforcement and nonmodification under this Act only if there has been notice and an opportunity to be heard" pursuant to this Act. N.C.G.S. § 50A-205 official commentary. In any event, the record seems to indicate Respondent was a resident of New York at the time the dependency/neglect petition was filed, thus making this an interstate matter.

not have the authority to enter the 30 April 1997 order adjudicating Raven to be a dependent juvenile and granting permanent custody to the Nixons. Accordingly, the 30 April 1997 order and any subsequent dispositional orders are vacated.

Vacated and remanded.

Judge HUNTER concurs.

Judge TIMMONS-GOODSON dissents.

TIMMONS-GOODSON, Judge, dissenting.

Because I disagree with the majority's conclusion that the trial court lacked jurisdiction to enter the order adjudicating Raven to be a dependent juvenile, I respectfully dissent.

Under the Juvenile Code, the district courts of North Carolina have "exclusive, original jurisdiction over any case involving a juvenile who is alleged to be abused, neglected, or dependent." N.C. Gen. Stat. § 7B-200(a) (2001). The issuance and service of process is the means by which the court obtains jurisdiction, *see* N.C. Gen. Stat. § 7B-401 (2001), and thus where *no* summons is issued, the court acquires jurisdiction over neither the parties nor the subject matter of the action. *See In re Mitchell*, 126 N.C. App. 432, 433, 485 S.E.2d 623, 624 (1997); *In re McAllister*, 14 N.C. App. 614, 616, 188 S.E.2d 723, 725 (1972). In the instant case, it is undisputed that Raven's mother was properly served with the summons. The trial court therefore clearly had subject matter jurisdiction over the action and personal jurisdiction over the mother. *See In the Matter of Arends*, 88 N.C. App. 550, 554-55, 364 S.E.2d 169, 172 (1988). The trial court obtained personal jurisdiction over respondent when he appeared in court on 24 May 2000. The issue is therefore whether the trial court's initial lack of personal jurisdiction over the juvenile's father divests the court of its ability to enter an order adjudicating the juvenile to be dependent. I conclude that the trial court could properly enter such an order.

As the majority recognizes, it is not necessary for the trial court to have personal jurisdiction over the juvenile's parents in order to have the authority to enter a chapter 7B adjudicatory or dispositional order in an abuse, neglect, or dependency case. The majority nevertheless concludes that, without service of a summons on both parents, the trial court is without "authority" to enter an adjudicatory or dispositional order relating to abuse, neglect, or dependency.

Although it is unclear what the majority means by the term "authority," the majority appears to base its conclusion that summons must be issued to both parents before the court can properly enter an order of adjudication on requirements set forth in the UCCJEA. The majority is mistaken in its conclusion on several grounds.

First, the requirements set forth by the UCCJEA do not divest a court of jurisdiction where, as here, no other court has any claim to jurisdiction over the action. The UCCJEA is a jurisdictional act relating to child custody proceedings. *See* N.C. Gen. Stat. § 50A-101 (2001). It seeks, among other goals, to "[a]void jurisdictional competition and conflict with courts of other States in matters of child custody" and to "[p]romote cooperation with the courts of other States to the end that a custody decree is rendered in that State which can best decide the case in the interest of the child[.]" N.C. Gen. Stat. § 50A-101, Official Comment. It also seeks to "[f]acilitate the enforcement of custody decrees of other States." *Id.* The mandates set forth in the UCCJEA, while applicable to adjudicatory hearings, *see, e.g., In re Malone*, 129 N.C. App. 338, 342, 498 S.E.2d 836, 838 (1998), do not divest the trial court of its authority to enter an order of adjudication under the facts of the present case. The petition for adjudication of neglect and dependency was brought pursuant to the Juvenile Code, and there is no indication in the record that any other court in any other State might have competing jurisdiction. As such, the UCCJEA simply does not control the outcome of the case at bar.

Further, the section of the UCCJEA addressing notice requirements states that "[b]efore a child-custody determination is made *under this Article*, notice and an opportunity to be heard in accordance with the standards of G.S. 50A-108 must be given to all persons entitled to notice *under the law of this State* as in child-custody proceedings between residents of this State[.]" N.C. Gen. Stat. § 50A-205(a) (2001) (emphasis added). As previously noted, the instant action was brought pursuant to the Juvenile Code, and not the UCCJEA. Under the law of this State, it is well established that "in order to have a child declared dependent, it is not necessary to serve the petition on both parents, but only on one of them." *Arends*, 88 N.C. App. at 554, 364 S.E.2d at 171; *see also In re Yow*, 40 N.C. App. 688, 691, 253 S.E.2d 647, 649 (holding that the trial court properly entered an order of adjudication where notice was served on only one parent), *disc. review denied*, 297 N.C. 610, 257 S.E.2d 223 (1979). I am unpersuaded by the majority's conclusion that we are not bound by this established precedent. Moreover, although the UCCJEA requires

that notice be given to "any parent whose parental rights have not been previously terminated," *see* N.C. Gen. Stat. § 50A-205(a), the UCCJEA "does not govern the enforceability of a child-custody determination made without notice or an opportunity to be heard." N.C. Gen. Stat. § 50A-205(b). Finally, under the UCCJEA, the trial court need not have personal jurisdiction over a party in order to make a child-custody determination. *See* N.C. Gen. Stat. § 50A-201(c) (2001).

Thus, because the trial court had subject matter jurisdiction over the action and personal jurisdiction over at least one of the parties, the trial court did not lack "authority" and could properly enter the order adjudicating Raven to be a dependent child. The true issue and nature of respondent's argument, which the majority fails to address, is that of due process. *See Arends*, 88 N.C. App. at 555, 364 S.E.2d at 172 (noting that the failure to serve the father with notice of neglect and dependency proceedings raises the question of due process and not jurisdiction). Under section 7B-406 of the North Carolina Juvenile Code,

> [i]mmediately after a petition has been filed alleging that a juvenile is abused, neglected, or dependent, the clerk shall issue a summons to the parent, guardian, custodian, or caretaker requiring them to appear for a hearing at the time and place stated in the summons. . . . Service of the summons shall be completed as provided in G.S. 7B-407 . . . .

N.C. Gen. Stat. § 7B-406(a) (2001). As the biological father of the juvenile in the instant case, respondent was entitled to notice of the dependency and neglect proceedings concerning his daughter. Although the petition correctly identified respondent as the father, no summons was ever issued or served on him. "[T]he giving of notice in cases involving child custody is subject to due process requirements." *Yow*, 40 N.C. App. at 692, 253 S.E.2d at 650.

To determine whether the lack of notice unreasonably deprived respondent of his due process rights requires a balancing of respondent's right to custody of his child with the State's interest in the welfare of children, as well as Raven's right to be protected by the State from abuse or neglect. *See Arends*, 88 N.C. App. at 555, 364 S.E.2d at 172. At the adjudicatory hearing, Raven's mother stipulated to the court that she had a history of substance abuse, that she had frequently left Raven with her aunt and uncle, and that she had exposed

Raven to domestic violence. Finding these matters to be true by clear and convincing evidence, the trial court concluded that Raven was a dependent juvenile and placed her in the custody of her maternal aunt and uncle, with whom she had been living since June 1995. Such a custody determination is reviewable upon the filing of a motion in the matter by any party. *See* N.C. Gen. Stat. § 7B-906(b) (2001). The court may, upon reviewing the matter, return custody to a parent if the court finds that it is in the best interests of the juvenile to do so. *See* N.C. Gen. Stat. § 7B-906(d) (2001). Three years after the court entered its order, respondent filed his motion to dismiss the order of adjudication.

Balancing the interest of the State in Raven's welfare with that of the respondent's right that he not be arbitrarily deprived of custody of his child, and considering Raven's right of protection from neglect, in conjunction with the potential for placement of Raven to be returned to her father after appropriate review by the court, I would hold that petitioner's due process rights were adequately protected. *See Arends*, 88 N.C. App. at 555-56, 364 S.E.2d at 172; *Yow*, 40 N.C. App. at 692, 253 S.E.2d at 650. I would therefore affirm the order of the trial court.